City of Cincinnati, Appellee, *v.* Herron, Appellant.

(No. 11436—Decided May 17, 1971.)

Mr. *William A. McClain*, Mr. *Ralph E. Cors* and Mr. *Terry D. Gaines*, for appellee.

Mr. *Orville Roeller*, for appellant.

Young, J. This is an appeal from the conviction of the defendant, appellant herein, by the Hamilton County Municipal Court on a charge of petit larceny. Hereinafter, the parties will be referred to as they appeared in the Municipal Court.

The record discloses that the defendant was charged with petit larceny pursuant to section 901-L1, of the Code of Ordinances of the city of Cincinnati. Specifically, the affidavit charges that the defendant "did unlawfully steal something of value, to-wit: 4 hubcaps Chrome $41.00, of less than $60.00 in value," etc.

A jury was waived by the defendant, and on September 14, 1970, the trial court found him guilty as charged and, thereafter, sentenced him to thirty days in the workhouse and ordered him to pay a fine of fifty dollars, and costs.

A motion for a new trial was timely filed and overruled by the trial court. Execution of the sentence was stayed during the pendency of this appeal.

The defendant alleges two assignments of error which he urges were prejudicial to him:

1. "Under a charge of larceny, is defendant's evidence properly excluded, which evidence would show that an owner of land, under a claim of right and in the bona fide belief that an abandoned automobile parked on his premises at a time of night when all businesses in the vicinity are closed, had not only the duty but the right to take custody and control over the automobile and its parts, parked on his land, such evidence being relevant and material and having probative value on the issue of criminal intent?

"Appellant assigns that the Court erred in refusing to admit such evidence and that it was prejudicial to defendant-appellant.

2. "The Law concerning criminal intent as applied by the court is against the manifest weight of the evidence and is erroneous and prejudicial."

The record discloses that the defendant made several efforts to place in evidence testimony or exhibits with reference to the legal status of the real property on which the automobile, from which the hubcaps were removed, was parked. All such evidence was rejected by the trial court with the one exception in which defendant was permitted to state that he was "the owner of the real estate situated at * * * 3214 Warsaw Avenue." The defendant further

testified that customers of business located at 3208 and 3210 or 3214 Warsaw Avenue had permission to park on his lot.

The defendant testified that the incident in question took place at 11:45 p. m. when the bar was closed, that is, when none of the specified locations would have customers. The defendant admitted that he took the hubcaps off the car and put them in his own store, stating: "which I have done several times."

With reference to the intention of the defendant to steal the hubcaps, we have his statement: "Those hubcaps remain available. All he has to do to pick them up at any time is to show me that he was the customer of that property. They are only being held as proof. For him to prove he is or was a customer at that time."

At this point, the trial court was confronted with the direct testimony of the defendant as to his intent and any inference which the court could draw from the acts of the defendant should it disbelieve his testimony.

Since the conclusion to be drawn from any inference arising from the evidence in a case must be that most favorable to the defendant, the court should have found that there was no intention on the part of this defendant to permanently deprive the prosecuting witness of his hubcaps.

Since one of the essential elements of the offense of larceny is the intention to permanently deprive the owner of an item of personal property, the city failed to establish the elements necessary to warrant a finding of "guilty" in this case.

The court, having determined that the city of Cincinnati failed to establish one of the essential elements of the offense charged, finds that there is no reason to consider the other assignment of error.

We conclude that the conviction of the defendant was manifestly against the weight of the evidence. The lower court's judgment is reversed and the defendant is discharged.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.